1
2
3
4
5
6 **UNITED STATES DISTRICT COURT**
7 **SOUTHERN DISTRICT OF CALIFORNIA**
8
9 UNITED STATES OF AMERICA,                    CASE NO. 12CR3990WQH
                                              CASE NO. 13CV1109WQH
10                                Plaintiff,
                                              ORDER
         vs.
11 CESAR ZAVALA-VASQUEZ,
12
                                 Defendant.
13 HAYES, Judge:

14        The matter before the Court is the Motion under 28 U.S.C. § 2255 to vacate, set
15 aside or correct sentence by a person in federal custody.  (ECF No. 22).  Defendant
16 moves the court to vacate his conviction and sentence on the grounds that "in order for
17 the Government to prosecute an alien with illegal reentry, the alien must be prosecuted
18 with illegal entry and then he can be prosecuted with illegal reentry."  (ECF No. 22)
19 The Court finds that the issues raised in the petition are appropriate for summary
20 disposition.

21                              **APPLICABLE LAW**

22        28 U.S.C. §2255 provides that "A prisoner under sentence of a court established
23 by Act of Congress claiming the right to be released upon the ground that the sentence
24 was imposed in violation of the Constitution or laws of the United States, or that the
25 court was without jurisdiction to impose such sentence, or that the sentence was in
26 excess of the maximum authorized by law, or is otherwise subject to collateral attack,
27 may move the court which imposed the sentence to vacate, set aside or correct the
28 sentence."  A district court must summarily dismiss a § 2255 application "[i]f it plainly

1  appears from the motion, any attached exhibits, and the record of prior proceedings that

2  the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255

3  Proceedings for the United States District courts.  When this standard is satisfied,

4  neither a hearing nor a response from the government is required.  *See Marrow v.*

5  *United States*, 772 F.2d 525, 526 (9th Cir. 1985).

## RULING OF THE COURT

7  In this case, the record conclusively shows that the Defendant has waived his

8  right to bring a § 2255 motion.  In exchange for the Government's concessions in the

9  plea agreement, the Defendant waived "to the full extent of the law, any right to appeal

10  or to collaterally attack the conviction and sentence, except a post-conviction collateral

11  attack based on a claim of ineffective assistance of counsel unless the Court imposes

12  a custodial sentence above the high end of the guideline range recommended by the

13  Government pursuant to this agreement at the time of sentencing." (ECF No. 12 at 10).

14  This waiver is clear, express and unequivocal.  Plea agreements are contractual in

15  nature, and their plain language will generally be enforced if the agreement is clear and

16  unambiguous on its face.  *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir.

17  2005).

18  At the time of sentencing, the Government recommended an  adjusted offense

19  level of  17 and a resulting guideline range of 46-57 months. (ECF No. 19).   The

20  Government recommended a sentence of 46 months. (ECF No. 19). The Court imposed

21  a sentence of 46 months. (ECF No. 21 at 2).  Pursuant to the terms of the plea

22  agreement, the Defendant waived his right to collaterally attack the sentence imposed.

23  IT IS HEREBY ORDERED that the motion for time reduction by an inmate in

24  federal custody under 28 U.S.C. § 2255 (ECF No. 22) filed by the Defendant is denied.

25  DATED:  May 23, 2013

26  *William Q. Hayes*
   **WILLIAM Q. HAYES**

27  United States District Judge

28